IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VIRGINIA SINGLETARY and
RICKY DALE HAVARD PLAINTIFFS

vs. CASE NO.: 5:19-cv-1374

CYPRESS MANUFACTURED
HOMES, LLC and BREWER'S
QUALITY HOMES, INC. DEFENDANTS

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes and appears, Ginger Singletary and Ricky Dale Havard, both of full age and majority, domiciled in and residents of Corrigan, Polk County, Texas, and respectfully represents:

1.

**Parties:** Made Defendants herein are:

(a) CYPRESS MANUFACTURED HOMES, LLC, a domestic Louisiana corporation (Charter No. 43273920K) which is currently active with the Louisiana Secretary of State, and whose domiciliary address is 4000 East Texas Street, Bossier City, Louisiana 71111. The Defendant's physical office is located at the same address, and the corporation's Registered Agent is Donnie Brewer, 3830 East Texas Street, Bossier City, Louisiana 71111; and

(b) BREWER'S QUALITY HOMES, INC., a domestic Louisiana corporation (Charter No. 31912990D) which is currently active with the Louisiana Secretary of State, and whose domiciliary address is 207 Evangeline Walk, Bossier City, Louisiana 71111. The Defendant's physical office is located at 3830 East Texas Street, Bossier City, Louisiana 71111, and the corporation's Registered Agent is Jack R. Brewer, Sr., 3830 East Texas Street, Bossier City, Louisiana 71111.

2.

**Jurisdiction/Venue:** This Honorable Court has personal and subject matter jurisdiction over this cause of action as a result of conduct and omissions of the Defendant described more particularly in Paragraph 3 below, and venue is proper in the United States District Court, Western District of Louisiana, Shreveport Division. Plaintiffs' allege federal diversity jurisdiction pursuant to U.S.C. § 1332, as (a) the amount in controversy

exceeds $75,000.00, exclusive of interest and costs, and (b) Plaintiffs are residents of Texas and are diverse from all Defendants, which are both Louisiana corporations with their principal place of business being Bossier City, Louisiana.

3.

**Background Facts:** Plaintiffs show that the Plaintiffs and Defendant, Cypress Manufactured Homes, LLC (hereinafter "Cypress"), entered into negotiations for a mobile home in 2018, which ultimately led to the consummation of a written contract (Exhibit "A") on October 23, 2018 for the purchase of a Brewer's Quality Homes, Inc. (hereinafter "Brewer's") manufactured home (Serial No. 6804) along with several enumerated improvements. Once the contract was drafted, the Defendants had been modified to Brewer's Quality Homes, Inc. dba Cypress Manufacured Homes, LLC, and the mobile home was identified as 2019 Champion Model 24CSD2866A ("Mobile Home"), and it required Plaintiffs to pay $116,316.00 to the Defendants for the mobile home to be installed on the Plaintiffs' Corrigan, Texas property, more particularly described as 2270 Sanford Road, Corrigan, Polk County, Texas 75939. The Defendants overcharged Plaintiffs $22,700.00 in the transaction by double-billing for the enumerated improvements. Subsequent to the bargained-for exchange, the Plaintiffs began experiencing severe difficulty with Defendant Cypress, with the majority of conduct described herein being performed at the Defendants' place of business in Bossier, City, Louisiana by an agent or employee of the Defendant with authority, as follows:

(a) The mobile home purchased in the transaction, Brewer's Quality Homes, Inc. Serial No. 6804, did not include several amenities that were promised during the bargained-for exchange.

(b) The Plaintiffs began experiencing problems very early on after closing on the property, and Defendants have failed to remedy any of the following problems:

(1) Outside: (i) The window screen is missing on back bedroom; (ii) Skirting needs to be reinstalled; (iii) The well system (tank and pump) needs to be moved and leveled; (iv) Water is steadily flowing out of the tank since it not being

level; (v) Filtration system needs to be installed; (vi) The roof over back deck is defective; (vii) Leveling blocks under trailer are leaning and needs to be corrected and releveled. This is a concern to the point that it appears as though the home may fall off the blocks; (viii) Two light globes missing on back of the home.

(2) Inside: (i) Carpet is not the right color in the whole house; Master Bathroom: (ii) There are holes in 2 wall panels behind tub and toilet; (iii) The wall panel has glue behind sinks; (iii) The ceiling is caved in by wall between shower and cabinets; (iv) The trim and moldings are unlevel; (v) The cabinets are not wood as promised; (vi) The shower base is pulling away from the wall; Master Closet: (vii) There are holes in 3 wall panels; (viii) The trim and moldings are unlevel; (ix) The closet door has wrinkles in the backing; Master Bedroom: (x) The barn door is cracked and splitl (xi) The barn door needs to be moved higher as it is dragging the floor; (xii) The barn door need hardware for bottom to stop it from swinging out; (xiii) The trim and moldings are unlevel; (xiv) The fan is not level; Living Room: (xv) The shelving is missing around entertainment center; (xvi) The sliding glass door is not the 4-panels door as promised by Defendants; (xvii) The valance is missing over the sliding glass door; (xviii) The electric outlet in living room is coming out of the wall; (xix) The trim around brick in living room is not level; (xx) The beams are missing in the living room; (xxi) The trim and molding are unlevel; Kitchen/Dining room: (xxii) The cabinets are not wood as promised; (xxiii) The lights are missing in top kitchen cabinets next to stove; (xxiv) The brown glue in subway tiles are defective; (xxv) The valance is missing over window; (xxvi) The appliances are not upgraded as promised; (xxvii) The mirrors over corner cabinet in dining areas not aligned correctly; (xxviii) The trim and molding are unlevel and loose; (xxix) The front door has splitting ; Hall: (xxx) The trim and moldings are unlevel; (xxxi) There is chip paint on the ceiling; Utility Room: (xxxii) The cabinets are not wood as promised; (xxxiii) The cabinets are not aligned properly; (xxxiv) The hot water heater is not working and is leaking water (Plaintiff had to replace

this out of pocket since they were concerned that the leaking water would cause other problems, and the Defendants refused to resolve this issue); (xxxv) The trim and molding are unlevel; (xxxvi) The back door top lock will not lock; Hall Bathroom: (xxxvii) The wall between sink and bathtub has holes, and the trim in not aligned and is broken; (xxxviii) The bath tub has a crease in it; (xxxix) The cabinets are not wood as promised; Bedroom on back: (XL) The trim and molding are unlevel; (XLI) The closest wall panels have some foreign substance similar to bondo applied to them, which was not a part of the bargained-for exchange; Bedroom on front last room (XLII): The trim and molding are both unlevel; (XLIII) Three wall panels in the closest have holes; Bathroom between bedrooms on front: (XLIV) The outlet and light switches are not straight; (XLV) The vent over toilet has melted; (XLVI) The trim and molding are unlevel; (XLVII) The cabinets are not wood as promised; (XLVIII) The door knob is missing; Bedroom on front 1st room: (XLIV) The trim and molding are unlevel

(c)     Defendants, through their agents, installed the water line improperly, causing the Plaintiffs water to be visibly dirty with a red clay tint to it.

(d)     The Plaintiffs are now forced to live in a home that was not completed according to the terms of the agreement of the parties. The Defendants have failed to remedy any of the 58 problems identified above.

4.

**Cause of Action No. 1 – Breach of Contract:** Plaintiffs show that the acts and omissions of the Defendant described above amount to a breach of the written contract attached hereto as Exhibit "A," entitling the Plaintiffs to a judgment against the Defendants.

5.

**Cause of Action No. 2 – Negligence:** Plaintiffs show that the acts and omissions by the Defendants causing the aforementioned problems were caused solely by the negligence of the Defendants and their agents, entitling the Plaintiffs to a judgment against the Defendants for the cost of repairs via the Implied Warranty of Good Workmanship.

6.

**Cause of Action No. 3 – Breach of Warranty:** The New Home Warranty Act provides special warranties and remedies when a new home is defective. La. R.S. 9:3141 et seq. The purpose of the act is to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana. La. R.S. 9:3142, 3144. The Plaintiffs have complied with all pre-requisites to filing this claim, including the mailing of a certified letter to the Defendants attempting to remedy the damages prior to filing suit. The Plaintiffs are seeking judgment against the Defendant for breach of warranty pursuant to La. R.S. 9:3149.

7.

**Cause of Action No. 4 – Fraud and Misrepresentation:** The Defendants specifically held themselves out as being able to provide services for the installation of the home, yet they have failed to properly present the home as bargained for, as shown by the 58 problems identified above. The result was the installation of a defective manufactured home as described in Paragraph 3 above. Under Louisiana law, fraud is defined as a misrepresentation or suppression of the truth made with the intention of advantaging oneself or disadvantaging another. La. C.C. art. 1953. The actions of the Defendants described herein amount to fraud and misrepresentation, entitling the Plaintiffs to a judgment against the Defendants for the cost of repairs via the Implied Warranty of Good Workmanship.

9.

The Plaintiffs allege that their damages exceed the requisite judicial amount set forth in U.S.C. § 1332 and are far in excess of six-figures.

10.

Plaintiffs desire and are entitled to judgment herein against the defendant in a reasonable amount to be determined by this Honorable Court for their damages as follows:

(a) The cost of a new mobile home as bargained for;

(b) Alternatively, the cost of repairs to remedy the 58 identified problems outlined

       in this Complaint;

(c) $22,700.00 for double-billing for the enumerated improvements identified in the contract;

(d) Out of pocket expenses Plaintiffs have expended to repair problems caused by the Defendants;

(e) Out of pocket living expenses for being sold an inhabitable mobile home;

(f) Pain and suffering;

(g) Mental anguish;

(h) Cost of litigating this Suit;

(i) Attorney's Fees;

(j) Pre-Judgment Interest;

(k) Post-Judgment Interest; and

(l) All other just and proper relief to which they are entitled.

11.

Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs pray that after all due proceedings are had there be judgment in favor of the Plaintiffs and against the Defendants for the damages sought herein in and amount to be determined by a jury, in excess of $200,000.00; granting Plaintiffs legal interest on all sums awarded from their respective due dates, or alternatively, from the date of judicial demand, until paid, and casting defendants with all costs of these proceedings.

Plaintiffs further pray for any and all general and equitable relief available.

Respectfully Submitted:

HARRELSON LAW FIRM, P.A.
1321 Scott Street
Little Rock, Arkansas 72202-5051
Tel.: (501) 476-3012
Fax: (870) 772-0302
E-Mail: steve@harrelsonfirm.com

BY: ______________________________
Steve Harrelson
Ark. Bar No. 2000086
La. Bar Roll No. 28361
Tex. Bar No. 24036729

Attorney for Plaintiffs Ginger Singletary and Ricky Dale Havard