IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| VIRGINIA SINGLETARY and<br>RICKY DALE HAVARD | | PLAINTIFFS |
| vs. | CASE NO.: 5:19-cv-1374 | |
| CYPRESS MANUFACTURED<br>HOMES, LLC and BREWER'S<br>QUALITY HOMES, INC. | | DEFENDANTS |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF COMPLETE DIVERSITY JURISDICTION AND PREMATURITY**

Plaintiffs Virginia Singletary and Ricky Dale Havard submit this memorandum in opposition to Defendant's Motion to Dismiss, and for their Response to Defendants' Motion to Dismiss For Lack of Complete Diversity Jurisdiction and Prematurity [Doc 18], and respectfully represent to the Court as follows:

### I.     Introduction and Background

On October 21, 2019, Plaintiffs filed suit against Defendants asserting four (4) separate and distinct causes of action for 58 defects in a mobile home they purchased from Defendants. Plaintiffs filed the suit in the United States District Court, Western District of Louisiana, citing diversity of citizenship with an amount in controversy exceeding the procedural requisite as the basis for jurisdiction. On March 5, 2020, Defendants filed a Motion to Dismiss based on two grounds: (1) a lack of complete diversity, and (2) prematurity.

- 1 -

## II.    Discussion

**(1) Lack of Complete Diversity**

On October 21, 2019, the Plaintiffs filed their Complaint against the Defendants. On November 14, 2019, the Court entered an Order [Doc. 5] ordering the Plaintiff on November 14, 2019 to file an Amended Complaint identifying the members of the Defendant LLC, ***or, in the alternative, the LLC may include that information in its Answer*** (see Order, Doc. 5)(emphasis added). The Plaintiff has since filed an Amended Complaint, identifying the LLC's sole member as a Louisiana corporation, Brewer's Quality Homes, Inc. (the other Defendant in this suit).

If the Defendants contest this information, their remedy is to identify the member(s) of the LLC if they contend complete diversity doesn't exist, as ordered in the court's November 14, 2019 Order. The appropriate remedy is not dismissal.

Plaintiffs request that the Court order the Defendants to identity the members of its LLC since Defendant contests complete diversity – just as the Court did in the Order entered of record November 14, 2019 [Doc. 5].

**(2) Prematurity**

The Defendants 2nd argument within its Motion to Dismiss is that the Plaintiffs did not comply with a Louisiana procedural statute by notifying the Louisiana Manufactured Housing Commission of their breach of warranty claim prior to filing suit. First, Plaintiffs deny this allegation. Next, Louisiana Revised Statute 51:912:5 is a procedural statute and not a substantive statute. The *Erie Doctrine* states that in federal court,

federal procedural law applies and state substantive law applies. Therefore, this would preclude this statute from being applicable as a federal civil procedural obstacle to filing suit, as it is a procedural statute. Third, even if the court finds that this procedural statute is applicable in this suit, the proper remedy – if the Court finds that the Plaintiffs did not comply with this statute – is a stay if this particular cause of action regarding breach of warranty pending the Plaintiffs' compliance with the statute. Fourth, the Plaintiffs have asserted four causes of action in this litigation: (1) breach of contract, (2) negligence, (3) breach of warranty, and (4) fraud and misrepresentation. The statute cited in this part of the Defendants' motion deals only with the breach of warranty claim and is not relevant to the negligence, breach of contract, and fraud/misrepresentation claims. Therefore, the Defendants' motion to dismiss based on "prematurity" should be styled a "motion for partial dismissal" since it deals with only one of the four causes of action. Nonetheless, dismissal is not a proper remedy as to this state statute, if it were even applicable in federal civil procedure. Plaintiffs assert they have complied with all applicable statutory prerequisites.

### III.  Conclusion

Based on the foregoing, the Defendants' Motion to Dismiss should be denied, and the Defendants should be ordered to identify the names and citizenship of its members if it disputes the Plaintiffs assertions in their Amended Complaint that complete diversity exists. This matter should then proceed to a scheduling conference.

Respectfully Submitted:

HARRELSON LAW FIRM, P.A.
1321 Scott Street
Little Rock, Arkansas 72202-5051
Tel.: (501) 374-2210
Fax: (501) 374-2221
E-Mail: steve@harrelsonfirm.com

BY: _____
Steve Harrelson
    Ark. Bar No. 2000086
    La. Bar Roll No. 28361
    Tex. Bar No. 24036729

Attorney for Plaintiffs Ginger Singletary and Ricky Dale Havard

## CERTIFICATE OF SERVICE

I, Steve Harrelson, do hereby certify that I have sent via:

☐ Hand Delivery
☐ Facsimile
☒ Electronic Mail
☐ U.S. Mail, Postage Prepaid
☐ U.S. Mail, Certified, Return Receipt Requested
☐ State Court CM/ECF System
☐ Federal Court CM/ECF System

This 26th Day of March, 2020 a true and complete copy of the foregoing to the following individuals:

Ron Christopher Stamps, Esq.
Ron Christopher Stamps, LLC
1705 Irving Place
Shreveport, Louisiana 71101-4605
Telephone: 318.227.8696
Facsimile: 318.221.0895
Email: rcstamps@rcstampslaw.com
Attorney for Defendants

_____
Steve Harrelson