UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VIRGINIA SINGLETARY | CIVIL ACTION NO. 19-1374 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CYPRESS MANUFACTURED HOMES LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion to dismiss[1] filed by Defendants Cypress Manufactured Homes, LLC, and Brewer's Quality Homes, Inc. (collectively, "Brewer"). Brewer's motion alleges that Plaintiff Virginia Singletary's ("Singletary") action is premature under the New Modular and Manufactured Home Warranty Act. Singletary has filed an opposition.[2] For the reasons that follow, Brewer's motion to dismiss is **GRANTED in part and DENIED in part.**

### BACKGROUND

Singletary agreed with Brewer to build and construct a manufactured home on her land in Eastern Texas.[3] Once construction was complete, Singletary noted 58 individual problems with the home and a few issues with Brewer's installation.[4] Among other problems, Singletary cited an uneven foundation and defective utility lines.[5] Singletary also alleges Brewer double-billed her for enumerated improvements and failed to provide

---

[1] Record Document 74.
[2] Record Document 77.
[3] Record Document 69 at 3.
[4] *Id.* at 3–5.
[5] *Id.* at 3–4.

several aesthetic amenities and add-ons promised during the "bargained-for exchange."[6] Singletary thus filed a complaint alleging the following causes of action: (1) Breach of Contract; (2) Negligence; (3) Fraud; and (4) Redhibition.[7] Brewer filed a Federal Rule of Civil Procedure 12(b)(6) motion in response and urges the Court to dismiss this action because Singletary failed to comply with the New Modular and Manufactured Home Warranty Act's ("MHWA" or the "Act") notice provisions.

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept all of the factual allegations in the complaint as true in determining whether the plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not

---

[6] *Id.* at 3.
[7] *Id.* at 11.

evaluate a plaintiff's likelihood of success but determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## LAW AND ANALYSIS

### a. Louisiana Law Governs

Throughout this litigation, the Court has questioned, in various contexts, whether Louisiana or Texas law applied to Singletary's claims. Though Brewer constructed Singletary's house in Texas, where Singletary signed a builder's lien contract, the contract for the sale of the manufactured home was signed in Louisiana.[8] The Court requested additional briefing on this issue, and both parties agreed that the Court should apply the laws of Louisiana.[9]

The Court is also satisfied that Louisiana law applies to Singletary's claims. Louisiana Civil Code article 3540 provides that "all other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties." La. Civ. Code art. 3540. Singletary has consistently invoked the laws of Louisiana, and she acknowledged signing the contract in Louisiana.[10] The parties have not briefed nor submitted evidence pointing to the laws of any other state. Nor have they shown that any other state's policies would be seriously impaired if its laws were not applied to this case. *See id.* art. 3537. Thus, in analyzing Singletary's substantive claims, the Court will "proceed on the

---

[8] These contracts were attached to Singletary's complaint. Record Documents 69-1, 69-2 & 69-3.
[9] Record Documents 80 & 81.
[10] Record Document 79.

assumption that Louisiana law applies." *PHI, Inc. v. Apical Indus., Inc.*, 946 F.3d 772, 777 n.8 (5th Cir. 2020).

### b. The New Modular and Manufactured Home Warranty Act

Though both parties agree that the laws of Louisiana govern Singletary's claims, they dispute which legal provisions apply to this lawsuit. For its part, Brewer says this case is subject to the MHWA. More than a decade ago, Louisiana passed this Act to "promote commerce" and protect manufactured home purchasers in Louisiana. La. R.S. § 51:912.1. The MHWA provides mandatory warranties to homeowners, including a 1-year warranty covering all manufactured home defects, a 2-year warranty covering electrical, plumbing and heating, ventilation, and air conditioning defects, and a 5-year warranty covering "major structural defects." *Id.* § 51:912.4. Along with these warranties, the Act also outlines the "exclusive" remedies" relative to manufactured and modular home construction; thus, no other legal provisions related to "warranties and redhibitory vices and defects" apply between "builders" and home "owners." *Id.* § 51:912.10.

Here, Singletary brings claims arising under redhibition and "negligence" related to Brewer's installation of her allegedly defective mobile home.[11] As referenced above, Singletary notes interior defects like unlevel trim, uneven molding, and faulty light fixtures. As for the exterior, Singletary says the home is unlevel "to the point that it appears as though the home may fall off the blocks."[12] Regarding the home's water and drainage connections, Singletary points to a faulty well system and utility connections.

---

[11] Record Document 69 at 10.
[12] *Id.* at 4.

4

Brewer and Singletary agree that the property at issue is a manufactured home. They also agree that Singletary is the "owner"[13] of that home. The crux of the parties' dispute is instead whether Brewer is classified as a "builder" under the Act. If it is, then Singletary is limited to the MHWA's exclusive remedies.

In determining whether Brewer is a "builder," the Court need not look beyond the Act's express language and Singletary's complaint. By its terms, the Act defines a "builder" as "the *dealer* who sold the home[,] . . . the *installer* who installed the home, [or] any person or entity that designed, manufactured, or constructed the home." *Id.* § 51:912.3 (emphasis added). In her complaint, Singletary alleges that Brewer was the "dealer" that sold her the defective manufactured home and was the entity that "installed" the home on her property.[14] Because Singletary's description of Brewer comports with the definition of a "builder" under the MHWA, the Court concludes that the Act governs. *See Landry v. Legacy Hous. Corp.*, No. 20-cv-01101, 2021 WL 5830646, at *2 (W.D. La. Dec. 8, 2021) ("The NMMHWA provides the exclusive remedies and warranties for defects in new manufactured and modular homes."); *Breaux v. HomeFirst Agency Inc.*, No. 20-cv-00168, 2020 WL 6864712, at *4 (W.D. La. Oct. 22, 2020), *report and recommendation adopted,* No. 20-cv-00168, 2020 WL 6839713 (W.D. La. Nov. 20, 2020) (agreeing that the MHWA "provides the exclusive warranties and remedies for redhibitory defects in a manufactured home against 'builders'").

---

[13] Record Document 69 at 7. The complaint identifies Singletary as the purchaser and "owner" of the manufactured home. *Id.* Under the statute, an owner is the "initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home during the time the warranties provided under this Part are in effect." La. R.S. § 51:912.3. Therefore, based on the pleadings and a reading of the statute, Singletary is properly classified as an "owner" under the MHWA.

[14] Record Document 69 at 6.

5

Because this lawsuit is subject to the MHWA, Singletary must have complied with its notice provisions before initiating this action. Before a claimant can seek redress in court, the Act requires that he or she supply "written notice" to the Louisiana Manufactured Housing Commission ("Commission"). The written notice must include information "advising the [C]ommission of all defects" in the manufactured home. La. R.S. § 51:912.5(A). This requirement allows the Commission to inspect the property and review its alleged defects. It also allows builders an opportunity to come into compliance with the Act. Under the MHWA, this notice provision is written in mandatory terms. *Id.* (stating that before "instituting any action for breach of warranty an owner *shall* give the [C]ommission written notice.") (emphasis added).

Singletary, however, does not allege that she provided the Commission with the requisite notice. Such an omission is fatal to the bulk of her claims. For that reason, the Court must dismiss her claims arising from the alleged defects in her manufactured home and Brewer's defective workmanship. Singletary's redhibition and negligence claims are therefore dismissed without prejudice. To the extent Singletary bases her fraud and breach of contract claims on Brewer's defective workmanship, those claims are also dismissed without prejudice.

### c. Remaining Breach of Contract & Fraud Claims

Failing to comply with the MHWA's notice provisions will not dissolve Singletary's action entirely. Along with bringing claims related to construction defects, Singletary also alleges that Brewer's double-billed her for "enumerated improvements" and failed to include certain aesthetic choices in the home Singletary requested in the parties'

"bargained-for exchange."[15] In its motion to dismiss, Brewer does not explain why these claims fall within the purview of the Act.

Because minimal jurisprudence interpreting the MHWA exists, courts have turned to case law analyzing the New Home Warranty Act ("NHWA") for guidance. *See Petkovich v. Franklin Homes, Inc.*, 2021-0448 (La. App. 4 Cir. 9/22/22), 349 So. 3d 1042, 1049; *Landry*, 2021 WL 5830646, at *2; *BMTP, LLC v. RBH, Inc.*, No. 19-cv-00177, 2020 WL 6875827, at *3 (N.D. Ala. Mar. 5, 2020) (applying Louisiana law). The NHWA is a nearly identical statute supplying exclusive remedies for construction defects to traditional homeowners. Because of the two statutes' similarities, at least one other court in this District has interpreted the exclusivity provisions in the MHWA and the NHWA *in pari materia*. *Landry*, No. 20-cv-01101, 2021 WL 5830646, at *2 (W.D. La. Dec. 8, 2021) (concluding that the NHWA "is virtually identical to the NMMHWA and contains an exclusivity provision with the same language"). As for the NHWA, the statute is not the sole remedy available to the homeowners "where the cause of action did not wholly arise from construction defects, violations of the building code, or poor workmanship." *Gines v. D.R. Horton, Inc.*, No. 08-cv-0598, 2011 WL 3236097, at *2 (M.D. La. July 28, 2011).

Applying that same standard here, the Court concludes that the MHWA does not govern Singletary's breach of contract and fraud claims to the extent those claims do not wholly arise from construction defects, violations of the building code, or poor workmanship. *See, e.g.*, *Stutts v. Melton*, 2013-0557 (La. 10/15/13), 130 So. 3d 808, 813 (allowing a plaintiff to pursue a fraud claim alongside the NHWA when seller allegedly

---

[15] *Id.*

made a fraudulent misrepresentation on the property disclosure); *Thorn v. Caskey*, 32-310 (La. App. 2 Cir. 9/22/99), 745 So. 2d 653, 658 (allowing a plaintiff to pursue a contract claim alongside the NHWA when claim did not pertain to construction defects); *Melancon v. Sunshine Const., Inc.*, 97-1167 (La. App. 1 Cir. 5/15/98), 712 So. 2d 1011, 1015–16 (water damage sustained by owner's property was caused by vandalism and was not a defect in construction which would fall under the NHWA). On that basis, the MHWA is not Singletary's sole remedy. And to that extent, Brewer's motion is **DENIED.**

## CONCLUSION

For the above reasons, Brewer's motion[16] is **GRANTED in part and DENIED in part**. The motion is **GRANTED** regarding Singletary's claims arising from negligence and redhibition. These claims are **DISMISSED without prejudice**. To the extent Singletary bases her fraud and breach of contract claims on Brewer's defective workmanship or breached warranties, those claims are also **DISMISSED without prejudice**. Brewer's motion is **DENIED** as it relates to Singletary's contract and fraud claims unrelated to construction defects, building code violations, or poor workmanship. This matter is **REFERRED** to the Magistrate Judge for a scheduling conference.

**THUS DONE AND SIGNED** this 30th day of March, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[16] Record Document 74.